IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JEFFREY DUNN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  2:08-CV-13 TJW/CE |
| VANDERBILT MORTGAGE & FINANCE, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER OF DEFENDANT, VANDERBILT MORTGAGE & FINANCE, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant Vanderbilt Mortgage & Finance, Inc. ("Vanderbilt Mortgage"), by and through its undersigned counsel, and, denying every allegation not expressly and specifically admitted herein, answers the First Amended Complaint of Plaintiff Jeffrey Dunn as follows:

### FIRST DEFENSE

1.     Upon information and belief, Vanderbilt Mortgage lacks knowledge or information sufficient to admit the allegations of Paragraph 1 of the Complaint and, therefore, denies them.

2.     Vanderbilt Mortgage admits the allegations of Paragraph 2 of the Complaint.

3.     Answering Paragraph 3, Vanderbilt Mortgage admits, upon information and belief, that the parties are residents of different states.  Upon information and belief, Vanderbilt Mortgage admits that the amount in controversy, in the aggregate, exceeds $75,000.00.  To the

extent the any remaining allegations contained in Paragraph 3 are legal conclusions, Vanderbilt Mortgage denies those allegations.

4.     Answering Paragraph 4, upon information and belief, Vanderbilt Mortgage admits that the aggregate amount in controversy exceeds $5,000,000 and that members of the proposed class are residents of states different from Vanderbilt Mortgage.   Vanderbilt Mortgage lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint and, therefore, denies them.    To the extent that the allegations of Paragraph 4 state a legal conclusion, Vanderbilt Mortgage denies those allegations.

5.     Answering Paragraph 5, Vanderbilt Mortgage admits that Plaintiff entered into a contract secured by a manufactured home located in Texas.   Vanderbilt Mortgage denies the remaining factual allegations of Paragraph 5.  To the extent that the allegations of Paragraph 5 state a legal conclusion, Vanderbilt Mortgage denies those allegations.

6.     Vanderbilt Mortgage admits that it provides financing for the purchase of manufactured housing, that it does so in the state of Texas, and that the terms and conditions and parties' obligations with respect to its mortgage loans are set forth in written contracts, but Vanderbilt Mortgage denies that it currently originates adjustable rate mortgage loans.    To the extent that the allegations of Paragraph 6 state a legal conclusion, Vanderbilt Mortgage denies those allegations.

7.     The allegations of Paragraph 7 state legal conclusions and, therefore, Vanderbilt Mortgage denies those allegations.

8.     The allegations of Paragraph 8 state legal conclusions and quote Vanderbilt Mortgage's motion to dismiss out of context and, therefore, Vanderbilt Mortgage denies those allegations.

9.     The allegations of Paragraph 9 state legal conclusions and quote Vanderbilt Mortgage's motion to dismiss out of context and, therefore, Vanderbilt Mortgage denies those allegations.

10.     The allegations of Paragraph 10 state legal conclusions and, therefore, Vanderbilt Mortgage denies those allegations.

11.     Vanderbilt Mortgage denies the allegations of Paragraph 11.

12.     Vanderbilt Mortgage admits that Plaintiff seeks class certification and relief described in Paragraph 12 but denies that Plaintiff is entitled to certification of any class or any relief, either individually or on behalf of others. Vanderbilt Mortgage denies any remaining allegations of Paragraph 12 of the Complaint.

13.     Vanderbilt Mortgage admits that Plaintiff seeks class certification and relief described in Paragraph 13 but denies that Plaintiff is entitled to certification of any class or any relief, either individually or on behalf of others. Vanderbilt Mortgage denies any remaining allegations of Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint states conclusions of law to which no response is required.  To the extent a response may be deemed required, Vanderbilt Mortgage denies the allegations of Paragraph 14 of the Complaint.

15.     Vanderbilt Mortgage denies the allegations of Paragraph 15 of the Complaint.

16.     Vanderbilt Mortgage denies the allegations of Paragraph 16 of the Complaint.

17.     Vanderbilt Mortgage denies the allegations of Paragraph 17 of the Complaint.

18.     Vanderbilt Mortgage expressly denies the allegation in Paragraph 18 that all proposed class members have identical contracts.  Further, Vanderbilt Mortgage denies the remaining allegations of Paragraph 18 of the Complaint.

19.     Vanderbilt Mortgage denies the allegations of Paragraph 19 of the Complaint.

20.     Vanderbilt Mortgage denies the allegations of Paragraph 20 of the Complaint.

21.     Vanderbilt Mortgage denies the allegations of Paragraph 21 of the Complaint.

22.     Vanderbilt Mortgage denies the allegations of Paragraph 22 of the Complaint.

23.     Vanderbilt Mortgage denies the allegations of Paragraph 23 of the Complaint.

24.     Vanderbilt Mortgage denies the allegations of Paragraph 24 of the Complaint.

25.     Vanderbilt Mortgage denies the allegations of Paragraph 25 of the Complaint.

26.     Vanderbilt Mortgage denies the allegations of Paragraph 26 of the Complaint.

27.     Vanderbilt Mortgage denies the allegations of Paragraph 27 of the Complaint.

28.     Vanderbilt Mortgage denies the allegations of Paragraph 28 of the Complaint.

29.     Vanderbilt Mortgage denies the allegations of Paragraph 29 of the Complaint.

30.     Vanderbilt Mortgage denies the allegations of Paragraph 30 of the Complaint.

31.     Vanderbilt Mortgage denies the allegations of Paragraph 31 of the Complaint.

32.     Vanderbilt Mortgage denies the allegations of Paragraph 32 of the Complaint.

33.     Vanderbilt Mortgage denies the prayer for relief, including its subparts, and any other allegations of the Complaint.

## **AFFIRMATIVE DEFENSES**

34.     The Complaint fails to state a claim upon which relief may be granted.

35.     The Complaint must be dismissed because Plaintiff lacks standing.

36.     Plaintiff's statutory claims are barred, in whole or in part, because the Texas Finance Code § 347.107(b) is preempted by the Alternative Mortgage Transaction Parity Act of 1982.

37.     Plaintiff lacks standing to sue for breach of any contract secured by property in Florida and containing a 35-day notice provision because he did not enter into such a contract himself.

38.     Plaintiff has not suffered any damages as a proximate result of the alleged actions of Vanderbilt Mortgage.

39.     Plaintiff received notice of rate adjustments for his variable rate mortgage loan and suffered no prejudice or injury as a result of the alleged actions of Vanderbilt Mortgage.

40.     Plaintiff has suffered no actual economic loss as required in order to maintain a claim under Texas Finance Code § 347.107(b).

41.     Awarding penalties under the Texas Finance Code based on the allegations of the Complaint and the lack of injury or economic loss would violate Vanderbilt Mortgage's constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments and the excessive fines clause in the Eighth Amendment to the United States Constitution.

42.     Vanderbilt Mortgage's substantial compliance with all statutory and/or contractual requirements bars Plaintiff's recovery on the claims asserted in the Complaint.

43.     Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

44.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his alleged damages.

45.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or ratification because he received notice that his mortgage rates would adjust and he failed to refinance his mortgage or take any other action in response to the notice of adjustment that he received, and thus he cannot now recover damages based on the timing of the notice.

46.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the doctrine of laches.

47.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction, to the extent variable rates resulted in ***downward*** adjustments in the applicable interest rate.

48.     While denying that adjustments to mortgage rates were not effective, in the event that a court should determine that rate adjustments were ineffective, Vanderbilt Mortgage asserts its rights to setoff and recoupment based on downward rate adjustments made to Plaintiff's and putative class members' loans.

49.     Vanderbilt Mortgage reserves the right to assert such additional defenses, counterclaims, or third-party claims as may be warranted and/or as may be revealed by additional information received in discovery.

## CONDITIONAL COUNTERCLAIM

50.     Pursuant to the terms of mortgage debtors' agreements with Vanderbilt Mortgage, debtors are obligated to make regularly, monthly payments in amounts set forth in those agreements.

51.     The putative class, as defined in the Complaint, includes debtors who have defaulted on their obligations to make regularly, monthly payments as required by their loan agreements.  Such persons remain legally responsible to Vanderbilt Mortgage on the terms and conditions set forth in those agreements.

52.     While denying that certification of any class would be appropriate, Vanderbilt Mortgage asserts this conditional counterclaim against putative class members who have

defaulted on their loan obligations seeking a judgment for all amounts due with this conditional counterclaim, to become effective in the event that class certification is allowed.

WHEREFORE, Defendant Vanderbilt Mortgage respectfully prays that the Court grant the following relief:

1.      That Plaintiff's claims against Vanderbilt Mortgage be dismissed and that Plaintiff have and recover nothing from Vanderbilt Mortgage;

2.      That the costs of this action be taxed against Plaintiff; and

3.      That Vanderbilt Mortgage have such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Frank A. Hirsch, Jr. (Wesley Hill w/ permission)
B. Rush Smith III
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
(803) 799-2000
Frank A. Hirsch, Jr.
GlenLake One, Suite 200
4140 Parklake Avenue
Raleigh, NC  27612
(919) 877-3800

Wesley Hill
Texas Bar No. 24032294
IRELAND, CARROLL & KELLEY, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: fedserv@icklaw.com

Attorneys for Defendant
Vanderbilt Mortgage and Finance, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record are being served with a copy

of this document via electronic delivery or United States mail this 8th day of May, 2008.


/s/ Wesley Hill